Douglas D. Phelps
PHELPS & ASSOCIATES
2903 N. Stout Road
Spokane, Washington 99206
(509) 892-0467
Attorney for Plaintiff
ISBA#4755

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENISE LUDWIG, a single person, and BLAYNE LUDWIG, a single person,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PINEHURST, CHIEF OF POLICE TAMI HOLDAHL, individually and in her official capacity as a police officer in Shoshone County,<br>Defendants. | NO. _____<br><br>[proposed] **COMPLAINT** |

COME NOW Plaintiffs DENISE LUDWIG and BLAYNE LUDWIG, by and through their attorney, Douglas D. Phelps of Phelps & Associates, P.S., and for cause of action against the above-entitled defendants alleges as follows:

### I. JURISDICTION & PARTIES

1.1   Plaintiff DENISE LUDWIG, at all times material hereto, is and was a resident of Shoshone County, Idaho.

1.2   Plaintiff BLAYNE LUDWIG, at all times material hereto, is and was a resident of Shoshone County, Idaho.

1.3   Defendant, CITY OF PINEHURST is an incorporated city in the State of Idaho.

COMPLAINT FOR DAMAGES
Page 1 of 14

1.4  Defendant CHIEF OF POLICE TAMI HOLDAHL was duly appointed Chief Police of the Shoshone County Sheriff and are believed to have been residents of Shoshone County at the time of the Acts described below.

1.5  Plaintiff's filed a notice of intent to sue pursuant to Idaho Code: Title 6, Chapter 9 on November 24, 2020.

## II.   VENUE

2.1  At all times relevant hereto, the negligent acts and damages alleged occurred in Shoshone County, Idaho.

2.2  The Defendants CHIEF OF POLICE TAMI HOLDAHL resides or are believed to reside in Shoshone County, Idaho, and there is no more appropriate forum.

2.3  CITY OF PINEHURST is an incorporated municipality in Shoshone County, Idaho.

2.4  Therefore, venue is proper in United States District Court for the District of Idaho.

## III.   FACTUAL HISTORY

3.1  On June 16, 2020, the Plaintiff BLAYNE LUDWIG and DENISE LUDWIG were at their residence of 209 S. 12th Street, Osburn, Idaho.

3.2  On June 16, 2020, the Plaintiff DENISE LUDWIG heard pounding on the door and went to see who was there.

3.3  Defendant CHIEF OF POLICE TAMI HOLDAHL was at Plaintiff DENISE LUDWIG's residence to serve a misdemeanor citation to Plaintiff BLAYNE LUDWIG.

3.4  Defendant CHIEF OF POLICE TAMI HOLDAHL asked to see Plaintiff BLAYNE LUDWIG.

3.5  Plaintiff DENISE LUDWIG looked into the driveway looking for BLAYNE LUDWIG's vehicle to see if Plaintiff BLAYNE LUDWIG was home.

COMPLAINT FOR DAMAGES
Page 2 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

3.6   The Plaintiff DENISE LUDWIG told Defendant CHIEF OF POLICE TAMI HOLDAHL that she needed to go get her brother, Plaintiff BLAYNE LUDWIG.

3.7   Plaintiff DENISE LUDWIG again told Defendant CHIEF OF POLICE TAMI HOLDAHL that she needed to go get her brother.

3.8   Plaintiff DENISE LUDWIG tried to close the door, but Defendant CHIEF OF POLICE TAMI HOLDAHL yelled and put her foot and arm inside the doorway to prevent the Plaintiff DENISE LUDWIG from closing the door.

3.9   Defendant CHIEF OF POLICE TAMI HOLDAHL made threats to the Plaintiff DENISE LUDWIG to arrest her if she does not get her brother, BLAYNE LUDWIG.

3.10  Defendant CHIEF OF POLICE TAMI HOLDAHL continued to push her way through the door into the home without authorization from DENISE LUDWIG or a warrant to enter the home.

3.11  As a result of the Defendant CHIEF OF POLICE TAMI HOLDAHL pushing her way through the door, causing damage to the front door.

3.12  After struggling against CHIEF OF POLICE TAMI HOLDAHL forceful entry, Plaintiff DENISE LUDWIG was able to close and lock the door.

3.13  Defendant CHIEF OF POLICE TAMI HOLDAHL continued to shout at Plaintiff DENISE LUDWIG to get her brother to come outside or be arrested.

3.14  Plaintiff BLAYNE LUDWIG heard all the commotion and proceed upstairs to see what was causing the disturbance.

3.15  Plaintiff BLAYNE LUDWIG did not go to the front door where the initial confrontation happened, he went to a side door where he could see what was going on.

3.16  Plaintiff BLAYNE LUDWIG asked the officer to come to the side door to talk to him.

3.17  Plaintiff BLAYNE LUDWIG asked Defendant CHIEF OF POLICE TAMI HOLDAHL to come to the side door several times.

3.18  Defendant CHIEF OF POLICE TAMI HOLDAHL approached Plaintiff

COMPLAINT FOR DAMAGES
Page 3 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

BLAYNE LUDWIG and asked if he was BLAYNE LUDWIG.

3.19  Plaintiff BLAYNE LUDWIG confirmed that he was and asked Defendant CHIEF OF POLICE TAMI HOLDAHL how he could help.

3.20  Defendant CHIEF OF POLICE TAMI HOLDAHL presented him with a misdemeanor citation for failure to give immediate notice and leaving the scene of accident.

3.21  Plaintiff BLAYNE LUDWIG proceeded to invoke his right to an attorney.

3.22  Defendant CHIEFT OF POLICE TAMI HOLDAHL continued to ask Plaintiff BLAYNE LUDWIG questions ignoring his invocation of his right to counsel.

3.23  Plaintiff BLAYNE LUDWIG again said that he is invoking his right to an attorney and will not answer any questions.

## IV. CAUSE OF ACTION FOR VIOLATION OF THE 4TH AMENDMENT FOR ILLEGAL ENTRY INTO HOME

Plaintiffs DENISE LUDWIG and BLAYNE LUDWIG re-alleges and incorporates paragraphs 3.1 to 3.23 as paragraphs 4.1 to 4.23.

4.24  CHIEF OF POLICE TAMI HOLDAHL entered into the residence of DENISE LUDWIG and BLAYNE LUDWIG without legal authority.

4.25  CHIEF OF POLICE TAMI HOLDAHL entered the home of DENISE LUDWIG and BLAYNE LUDWIG in violation of the 4th Amendment to the U.S. Constitution requiring a warrant.

4.26  CHIEF OF POLICE TAMI HOLDAHL entered into the residence contrary to Oliver v. United States 466 U.S. 170, 177 (1984); Peyton v. New York, 445 U.S. 573; 100 S. Ct. 1371; 63 L. Ed. 2d 639 (1980).

4.27  CHIEF OF POLICE TAMI HOLDAHL when refused entry continued to push the door open on Ms. DENISE LUDWIG who was resisting the CHIEF OF POLICE TAMI HOLDAHL unlawful and forced entry into her home.

4.28  Confronted with an illegal entry and assault from the CHIEF OF POLICE TAMI

COMPLAINT FOR DAMAGES
Page 4 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

HOLDAHL refusing to explain her purpose in entering their home, Ms. DENISE LUDWIG began to close the door.

4.29   CHIEF OF POLICE TAMI HOLDAHL escalated her attack without explaining her basis for entry into DENISE LUDWIG and BLAYNE LUDWIG's home WITHOUT A WARRANT OR LEGAL AUTHORITY.

4.30   Defendant CHIEF OF POLICE TAMI HOLDAHL was in violation of Idaho Code 19-202A and Idaho Code 18-4009.

## V. CAUSE OF ACTION FOR VIOLATIO OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 USC 1983 (THE CIVIL RIGHTS ACT)

Plaintiffs DENISE LUDWIG and BLAYNE LUDWIG re-alleges and incorporates paragraphs 3.1 to 3.23 as paragraphs 5.1 to 5.23.

5.24   CHIEF OF POLICE TAMI HOLDAHL acting under color of law violated the rights of DENISE LUDWIG and BLAYNE LUDWIG.

5.25   CHIEFT OF POLCE TAMI HOLDAHL illegally and without legal authority entered DENISE LUDWIG and BLAYNE LUDWIG's home in violation of the 4th Amendment, 14th Amendment, and Article 1 see 17 of the Idaho State Constitution.

5.26   CHIEF OF POLICE TAMI HOLDAHL immediately began an assault on DENISE LUDWIG in violation of the 4th, 8th, and 14th Amendment to the U.S. Constitution.

5.27   CHIEF OF POLICE TAMI HOLDAHL repeatedly fought to keep the door open to prevent Ms. DENISE LUDWIG from closing it as Ms. DENISE LUDWIG talked to her brother.

5.28   CHIEF OF POLICE TAMI HOLDAHL violated DENISE LUDWIG and BLAYNE LUDWIG's 4th, 8th, and 14th Amendment Rights by illegal entry into the home without a warrant.

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

## VI. ASSAULT

Plaintiff DENISE LUDWIG and BLAYNE LUDWIG re-alleges and incorporates paragraphs 3.1 to 3.23 as paragraphs 6.1 to 6.23.

6.24    The physical force used by the Defendant CHIEF OF POLICE TAMI HOLDAHL against DENISE LUDWIG and BLAYNE LUDWIG caused bodily harm and was an unjustified use of excessive force.

6.25    That the Plaintiff, DENISE LUDWIG and BLAYNE LUDWIG were not resisting arrest or acting in any way to justify the actions and the level of force used by CHIEF OF POLICE TAMI HOLDAHL.

6.26    That the actions of the Defendant CHIEF OF POLICE TAMI HOLDAHL were outside the scope of necessary and reasonable force that should have been used to serve a misdemeanor summons to BLAYNE LUDWIG.

6.27    That CITY OF PINEHURST CHIEF OF POLICE TAMI HOLDAHL is liable for the actions of their CHIEF OF POLICE TAMI HOLDAHL when using unnecessary and unreasonable force as their policy, custom, and practice supported the actions of their CHIEF OF POLICE TAMI HOLDAHL by failing to attempt or use de-escalation practices when using physical force to subdue non-violent individuals suspected or believed by police to be involved in criminal acts.

6.28    That CITY OF PINEHURST CHIFE OF POLCIE TAMI HOLDAHL, including the individually named defendants, engaged in a pattern of practice and have failed to act and/or follow and implement a continuum of force police to prevent the unnecessary escalation of force when dealing with Plaintiff and other members of the public, which is the moving force depriving Plaintiff of their deprivation of the aforementioned constitutional rights violations.

6.29    That CITY OF PINEHURST CHIEF OF POLICE TAMI HOLDAHL,

COMPLAINT FOR DAMAGES
Page 6 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

|  |  |
|---|---|
|  | including the individually named defendants, engage in a pattern of practice of the use of excessive force on subjects. |
| 6.30 | That CITY OF PINEHURST CHIEF OF POLICE TAMI HOLDAHL, including the individually named defendants, engage in a pattern or practice of the use of excessive force by using multiple deputies at a time against a single subject in a manner that is constitutionally excessive. |
| 6.31 | That CITY OF PINEHURST CHIEF OF POLICE TAMI HOLDAHL, including the individually named defendants, engage in a pattern or practice of using necessary or excessive force in the course of arresting individuals for minor offenses in violation of the constitutional rights of the individual. |

### VII. CAUSE OF ACTION FOR BURGLARY IDAHO CODE 18-1401 AND 19-202 A

Plaintiffs DENISE LUDWIG and BLAYNE LUDWIG re-alleges and incorporates paragraphs 3.1 to 3.23 as paragraphs 7.1 to 7.23.

| | |
|---|---|
| 7.24 | CHIEF OF POLICE TAMI HOLDAHL illegally and without a warrant entered into DENISE LUDWIG and BLAYNE LUDWIG's home. |
| 7.25 | CHIEF OF POLICE TAMI HOLDAHL entered into DENISE LUDWiG and BLAYNE LUDWIG's home intending to commit crimes of assault against DENISE LUDWIG. |
| 7.26 | The Acts of CHIEF OF POLICE TAMI HOLDAHL were a violation of Idaho Code 18-1401, 19-202 A, and Oliver v. United State, 466 U.S 170, 177 (1984) and Peyton v. New York 445 U.S. 573; 100 S. Ct. 1371; 63 L. Ed. 2d 639 (1980). |

### XIII. CAUSE OF ACTION FOR OUTRAGEOUS CONDUCT

Plaintiffs DENISE LUDWIG and BLAYNE LUDWIG re-alleges and incorporates paragraphs 3.1 to 3.23 as paragraphs 8.1 to 8.23.

COMPLAINT FOR DAMAGES
Page 7 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

8.24    That the actions of CHIEF OF POLICE TAMI HOLDAHL acted in a way constitutes outrageous conduct.

8.25    That the CHIEF OF POLICE TAMI HOLDAHL acting without legal authority entered the home of DENISE LUDWIG and BLAYNE LUDWIG.

8.26    That the CHIEF OF POLICE TAMI HOLDAHL in assaulting DENISE LUDWIG by forcing the door open when DENISE LUDWIG did not give permission to enter her residence.

8.27    All actions were completed during an unlawful entry by CHIEF OF POLICE TAMI HOLDAHL for a minor misdemeanor citation not occurring in her presence a violation of Peyton v. New York 445 U.S. 573; 100 S. Ct. 1371; 63 L. Ed. 2d 639 (1980).

## IX. CAUSE OF ACTION FOR EXCESSIVE FORCE

Plaintiffs DENISE LUDWIG and BLAYNE LUDWIG re-alleges and incorporates paragraphs 3.1 to 3.23 as paragraphs 9.1 to 9.23.

9.24    The physical force used by CHIEF OF POLICE TAMI HOLDAHL by placing her foot and arm in the doorway keeping DENISE LUDWIG from being able to close the front door of her residence was the unjustified and constitutes use of excessive force.

9.25    That the Plaintiff DENISE LUDWIG and BLAYNE LUDWIG were not actively resisting in any way when CHIEF OF POLICE TAMI HOLDAHL forced the front door open with her foot and arm not allowing DENISE LUDWIG to get BLAYNE LUDWIG who was then violently and forcefully assaulted without provocation or reasonable cause.

9.26    That the action of CHIEF OF POLICE TAMI HOLDAHL were outside the scope of necessary and reasonable force that should have been used to give a citizen minor misdemeanor citation.

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

9.27 That CITY OF PINEHURST is liable for the actions of their CHIEF OF POLICE TAMI HOLDAHL when using unnecessary and unreasonable force by policy, custom, and practice supported the actions of their CHIEF OF POLICE TAMI HOLDAHL by failing to attempt or use de-escalation practices prior to using force to subdue non-violent individuals suspected or believed by police to be involved in misdemeanor crimes.

9.28 That CITY OF PINEHURST is liable for CHIEF OF POLICE TAMI HOLDAHL when using unnecessary and unreasonable including forcing open a front door.

## X. NEGLIGENT HIRING, TRAINING AND SUPERVISION

Plaintiffs DENISE LUDWIG and BLAYNE LUDWIG re-alleges and incorporates paragraphs 3.1 to 3.23 as paragraphs 10.1 to 10.23.

10.24 That Defendant CITY OF PINEHURST is liable for the actions of their employees for failing to train said employees in procedures involving police searches, interactions with citizens, and training to prevent the use of excessive force which resulted in the injury to DENISE LUDWIG and BLAYNE LUDWIG.

10.25 That as a result of the actions or inactions of the employees of Defendants CITY OF PINEHURST, and CHIEF OF POLICE TAMI HOLDAHL, DENISE LUDWIG and BLAYNE LUDWIG suffered and continues to suffer injury.

10.26 That CITY OF PINEHURST failed to adequately and fully train law enforcement officers, resulting in the injury of DENISE LUDWIG and BLAYNE LUDWIG.

10.27 That as a result of the negligent training, DENISE LUDWIG and BLAYNE LUDWIG suffered and continues to suffer injuries.

10.28 That Defendant CITY OF PINEHURST, is liable for the actions of their employees for failing to supervise said employees in procedures involving police searches, interactions with citizens, and arrest procedures which resulted in the injury to DENISE LUDWIG and BLAYNE LUDWIG.

COMPLAINT FOR DAMAGES
Page 9 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

10.29  That as a result of the actions or inactions of the employees of CHIEF OF POLICE TAMI HOLDAHL, DENISE LUDWIG and BLAYNE LUDWIG suffered and continues to suffer injury.

10.30  That CITY OF PINEHURST failed to adequately and fully supervise law enforcement officers, resulting in the injury of DENISE LUDWIG and BLAYNE LUDWIG.

10.31  That as a result of the negligent supervision, DENISE LUDWIG and BLAYNE LUDWIG suffered and continues to suffer injury.

10.32  That CITY OF PINEHURST encouraged such actions by custom, policy, and practice of not removing Officers who were unnecessarily violent.

10.33  That as a result of the actions or inactions of CITY OF PINEHURST, DENISE LUDWIG and BLAYNE LUDWIG suffered and continues to suffer injury.

10.34  That as a result of the negligent retention, DENISE LUDWIG and BLAYNE LUDWIG suffered and continues to suffer injury.

## XI. CAUSE OF ACTION FOR *MONELL* LIABILITY: COUNTY OF SHOSHONE, CITY OF PINEHURST, AND CHIEF OF POLICE TAMI HOLDAHL

Plaintiffs DENISE LUDWIG and BLAYNE LUDWIG re-alleges and incorporates paragraphs 3.1 to 3.23 as paragraphs 11.1 to 11.23.

11.24  The acts or failures to act of the above individually names defendants, acting under the color of state law, deprived DENISE LUDWIG and BLAYNE LUDWIG of their right to be free from unreasonable seizure in violation of the Fourth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment of the United States Constitution.

11.25  The training policies of Defendant CHIEF OF POLICE TAMI HOLDAHL and City of Pinehurst Police Department were not adequate to prevent violations of law by its police officers or to train its police officers to handle the usual recurring

COMPLAINT FOR DAMAGES
Page 10 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

situations with which they must deal.

11.26  Defendant CITY OF PINEHURST and City of Pinehurst Police Department were deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees and for the known or obvious consequences of its failure to train its police officers to handle the usual and recurring situations with which they must deal.

11.27  The failure of Defendant CITY OF PINEHURST and City of Pinehurst Police Department to prevent violations of law by its police officers and to provide adequate training to its police officers caused the deprivation of DENISE LUDWIG and BLAYNE LUDWIG's rights by CHIEF OF POLICE TAMI HOLDAHL; that is, CITY OF PINEHURST and City of Pinehurst Police Department failures to prevent violations of law by its officers and failures to train its officers is so closely related to deprivations of DENISE LUDWIG and BLAYNE LUDWIG's rights as to be the moving force of the unreasonable seizure of DENISE LUDWIG and BLAYNE LUDWIG.

11.28  As a result of the violations of the constitutional standards set forth herein, DENISE LUDWIG and BLAYNE LUDWIG suffered and continues to suffer injury as a result of their arrest and injuries, including but not limited to physical, psychological, and emotional.

## XII. DAMAGES

12.1  As a result of the negligent acts of the defendant(s), the plaintiff was injured. The plaintiff suffered:

  12.1a  Physical injuries;
  12.1b  Pain and suffering;
  12.1c  Loss of enjoyment of life;
  12.1d  Loss of reputation and community respect; and,
  12.1e  Seeks injunctive relief against the Shoshone County and

COMPLAINT FOR DAMAGES
Page 11 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

City of Pinehurst to require officers and properly trained and supervised to avoid future illegal attack against citizens.

12.2    As a result of the negligent acts of the defendant(s), the plaintiff suffered damages as indicated in the preceding paragraph in amounts to be established at trial.

### XIII. PRAYER FOR RELIEF

13.1    For injunctive relief to prevent City of Pinehurst, Shoshone County, and Officers from using illegal entry without a warrant.

13.3    Wherefore, plaintiff PRAYS, that this court enter judgment in favor of the plaintiff, as follows:

13.3a   For an amount to compensate the plaintiff for the damages identified above in amounts to be established at trial;

13.3b   For costs incurred by the plaintiff;

13.3c   For statutory attorneys fees;

13.3d   For injunctive relief

13.3e   For any such further equitable relief as the court deems justified.

Dated this 18 day of March, 2022.

PHELPS & ASSOCIATES
Attorney for Plaintiff

Douglas D. Phelps, ISBA#4755
2903 N. Stout Road
Spokane, Washington 99206
(509) 892-0467

COMPLAINT FOR DAMAGES
Page 12 of 14

STATE OF WASHINGTON  )
                     ) ss.
County of Spokane    )

DENISE LUDWIG, being first duly sworn on oath, deposes and states:

I am the named Plaintiff herein, I have read the foregoing Complaint for Damages, I know the contents thereof, and I believe the same to be true and correct.

_____
DENISE LUDWIG

SUBSCRIBED AND SWORN TO before me this 18 day of ~~February~~ March, 2022.

AMANDA SMITH
NOTARY PUBLIC #208165
STATE OF WASHINGTON
COMMISSION EXPIRES
JUNE 19, 2023

NOTARY PUBLIC for the State of Washington
Residing at Spokane, WA
My commission expires: 6/19/23

COMPLAINT FOR DAMAGES
Page 13 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com

STATE OF WASHINGTON )
                                                    ) ss.
County of Spokane                        )

BLAYNE LUDWIG, being first duly sworn on oath, deposes and states:

I am the named Plaintiff herein, I have read the foregoing Complaint for Damages, I know the contents thereof, and I believe the same to be true and correct.

*[signature: Blayne A. Ludwig]*
BLAYNE LUDWIG

SUBSCRIBED AND SWORN TO ~~before~~ me this 18th day of ~~February~~ March, 2022.

AMANDA SMITH
NOTARY PUBLIC #208165
STATE OF WASHINGTON
COMMISSION EXPIRES
JUNE 19, 2023

*[signature: A. Smith]*
NOTARY PUBLIC for the State of Washington
Residing at Spokane, WA
My commission expires: 6/19/23

COMPLAINT FOR DAMAGES
Page 14 of 14

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslaw1.com