UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENISE LUDWIG, a single person, and BLAYNE LUDWIG, a single person,<br><br>    Plaintiffs,<br> vs.<br><br>CITY OF PINEHURST, CHIEF OF POLICE TAMI HOLDAHL, individually and in her official capacity as a police officer in Shoshone County,<br><br>    Defendants. | Case No. 1:22-cv-00121-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a Motion to Set Reasonable Bond (Dkt. 2). For the reasons explained below, the Court will grant the motion and conditionally fix the cash bond amount at $250.

# DISCUSSION

Denise and Blayne Ludwig intend to sue Tami Holdahl, the Chief of Police for the City of Pinehurst, along with the City of Pinehurst. The Ludwigs allege that Chief Holdahl entered their home without legal authority and committed an assault upon them. They intend to pursue federal civil rights claims and state-law claims in this Court. They ask the Court to fix the amount and form of a bond required under Idaho Code § 6-610.

## ANALYSIS

Under Idaho Code § 6-610, plaintiffs who intend to sue law enforcement officers must first post a bond. This requirement is laid out in Idaho Code § 6-610, which provides as follows:

> Before any civil action may be filed against any law enforcement officer . . . when such action arises out of, or in the course of the performance of his duty, . . . the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

Idaho Code § 6-610(2). The statute goes on to explain that the purpose of the bond requirement is, first, to ensure that the plaintiff diligently pursues the lawsuit and, second, to serve as a fund for the costs, expenses, and attorneys' fees in the event the plaintiff loses. *See id.*

The statutory bond requirement "does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *See ET v. Lake Pend Oreille Sch. Dist. No. 84*, No. 2:10-cv-00292-EJL-CWD, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012). But the bond requirement does apply to the Ludwigs' intended state-law claims. The Court must therefore determine the amount of the bond. *See id.* (referring to the bond "in an amount to be fixed by the court").

The Ludwigs have filed their proposed complaint, which includes state-law claims. Although it is not clear from the face of the Complaint, the Court will

**MEMORANDUM DECISION AND ORDER - 2**

assume that the Ludwigs' tort claims brought under State Law will be brought pursuant to the Idaho Tort Claims Act (ITCA). Under the ITCA, to obtain an award of attorney's fees, a prevailing party must show, "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." Idaho Code § 6-918A; *see Beehler v. Fremont Cty.*, 182 P.3d 713, 716 (Idaho Ct. App. 2008) ("Section 6-918A is the exclusive means for determining when a party is entitled to receive attorney fees in an action pursuant to the ITCA.").

Based solely on the facts alleged in the Complaint, the Court finds no indication of bad faith, and thus no indication that the defendants, if they were to prevail, would be entitled to attorney's fees under § 6-918A. Thus, based upon the information before it, the Court finds a minimal bond requirement in the amount of $500 to be appropriate.

Finally, the Court notes that the prospective defendants have neither been served nor entered an appearance in this action. The pending Motion to Set Reasonable Bond is thus brought ex parte, and the defendants have not had an opportunity to respond to the motion or otherwise set forth their position regarding the amount or form of bond. Section 6-610, however, has safeguards in place that will allow the defendants to take exception to the sufficiency of the amount of the bond at any time during the course of this action. *See* Idaho Code § 6-610(4). If,

upon such exception, the Court finds the bond to be in an insufficient amount, the Court will require that a new bond, in a sufficient amount, be filed by the Ludwigs within five days of entry of the Court's order. *Id.* § 6-610(7). "If no such bond is filed as required by the order of the court," the state law claims against the law enforcement officers will be dismissed. *Id.*

## ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion to Set Reasonable Bond (Dkt. 2) is **GRANTED**.
2. Plaintiffs shall post a cash bond in the amount of $250.00 within seven days of this Order, subject to any named defendants' right to except to that amount as set forth in Idaho Code § 6-610(4).
3. If such an exception is filed, the Court will then consider whether the bond amount should be increased.

DATED: April 18, 2022

B. Lynn Winmill
United States District Judge

MEMORANDUM DECISION AND ORDER - 4