UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENISE LUDWIG, a single person, and BLAYNE LUDWIG, a single person,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF PINEHURST; CHIEF OF POLICE TAMI HOLDAHL, individually and in her official capacity as a police officer in Shoshone County,<br><br>　　　　Defendants. | Case No. 2:22-cv-00121-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Motion for Partial Summary Judgment and for Attorney Fees. (Dkt. 24). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants Defendants' summary judgment motion and denies without prejudice its attorney fees motion.

## I.  BACKGROUND

Plaintiffs Blayne and Denise Ludwig, who are brother and sister, bring this case against Defendants City of Pinehurst and Tami Holdahl, the former Chief of Police for the City, based on events occurring when Holdahl delivered a misdemeanor citation to Blayne at the Ludwigs' residence. On June 11, 2020, law enforcement responded to a car accident in Pinehurst. (Dkt. 24-

**MEMORANDUM DECISION AND ORDER - 1**

2, ¶ 6). Upon arrival at the scene of the accident, law enforcement discovered that a vehicle had crashed into the back of a parked snowmobile trailer and that the vehicle's driver had abandoned the vehicle in the middle of the road and left the scene. (*Id.*, ¶¶ 7, 8). Chief Holdahl was assigned to investigate the matter, and using the vehicle's license plate number and registration, she determined the car belonged to Blayne. (*Id.*, ¶¶ 9-11).

Five days later, on June 16, 2020, Chief Holdahl went to Blayne's residence to deliver a misdemeanor citation for leaving the scene of an accident and for failure to give notice of an accident. (*Id.*, ¶ 12). When Chief Holdahl arrived at Blayne's residence, she knocked on the door and identified herself as police. (*Id.*, ¶ 13; Dkt. 24-3, Ex. 2 at 19:22). Blayne's sister, Denise, answered the door, opening it three to five inches. (Dkt. 24-2, ¶ 13). Chief Holdahl introduced herself and asked if Blayne was home. (Dkt. 24-3, Ex. 2 at 19:24-20:3). Denise answered that Blayne was home and that she would go get him. (*Id.*, Ex. 2 at 20:3-5). At that moment, Denise began to close the door, but Chief Holdahl stuck her foot in the doorframe and yelled, "no," while pushing against the door to prevent it from closing.[1] (*Id.*, Ex. 2 at 20:6-11). The door "slam[ed]" into Denise, who struggled to close the door. (*Id.*) Denise eventually was able to push the door closed and locked it. (*Id.*) Denise then told Chief Holdahl through the door that she would go get Blayne and claims Chief Holdahl yelled back, "[Y]ou'd better, or I will arrest you." (*Id.*, Ex. 2 at 20:12-18).

Moments later, Blayne appeared from a second door on the residence's front side and called out to Chief Holdahl. (*Id.*, Ex. 1 at 31:10-19). Chief Holdahl approached Blayne, and after

---

[1] Chief Holdahl disputes she put her foot in the doorframe. Instead, she testified she only put her hand on the door to prevent it from closing. (Dkt. 24-4, Ex. 1 at 31:16–22). The Court resolves this factual dispute in favor of Plaintiffs as the nonmoving party for purposes of summary judgment.

**MEMORANDUM DECISION AND ORDER - 2**

identifying him, she provided Blayne with a misdemeanor citation.[2] (*Id.*, Ex. 1 at 31:20-32:3; Dkt. 24-4, Ex. 3). During this interaction, Officer Holdahl asked Blayne several questions for the purpose of issuing the citation, but Blayne declined to answer her questions. (Dkt. 24-4, Ex. 3). After Chief Holdahl finished issuing the citation, she left the Ludwigs' residence. (*Id.*) It is undisputed the interaction between Chief Holdahl and Blayne was "brief and peaceful." (Dkt. 25, at 3).

Following the Ludwigs' encounter with Chief Holdahl, they initiated this lawsuit against the City of Pinehurst and Chief Holdahl alleging violations of 42 U.S.C. § 1983 and state law. The Ludwigs' complaint—although not well pled—ostensibly asserts eight claims against Defendants, including: (1) a claim for illegal entry into the Ludwigs' home in violation of the Fourth Amendment against Chief Holdahl; (2) a § 1983 claim for illegal entry and "assault" in violation of the Fourth, Eighth, and Fourteenth Amendments against Chief Holdahl; (3) a claim for "assault" against Chief Holdahl; (4) a claim for burglary under Idaho Code §§ 18-1401 and 19-202A against Chief Holdahl; (5) a claim for "outrageous conduct" against Chief Holdahl; (6) a claim for excessive force against Chief Holdahl; (7) a claim for "negligent hiring, training, and supervision" against the City of Pinehurst; and finally, (8) a *Monell* claim against the "County of Shoshone, City of Pinehurst, and Chief . . . Holdahl." The crux of the Ludwigs' allegations is that Chief Holdahl illegally entered their residence and used unreasonable force against them and that the City of Pinehurst's training policies and practices caused the unlawful conduct.

Following discovery, Defendants filed their Motion for Partial Summary Judgment and for Attorney Fees. The motion requests that the Court grant Defendants summary judgment on several

---

[2] Shortly after Chief Holdahl began speaking with Blayne, she activated her police bodycam, which recorded most of her interaction with Blayne. (Dkt. 24-4, Ex. 3).

**MEMORANDUM DECISION AND ORDER - 3**

claims and award reasonable attorney fees to Defendants for defending against Blayne's claims. The Ludwigs oppose the motion.

## II. LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence is insufficient. *Id.* at 252. Rather, "there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.*

In deciding whether there is a genuine dispute of material fact, the court must view the facts in the light most favorable to the nonmoving party. *Id.* at 255; *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). The court is prohibited from weighing the evidence or resolving disputed issues in the moving party's favor. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014). When, however, some of the events were videotaped, as in this case, the court "view[s] the facts in the light depicted by the videotape." *Smith v. Agdeppa*, 81 F.4th 994, 997 (9th Cir. 2023) (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

## III. ANALYSIS

### A. Partial Summary Judgment

Defendants have moved for partial summary judgment. As a preliminary matter and as already mentioned, the Ludwigs' complaint is not well-pled. Several claims alleged in the complaint appear to be either duplicative or do not specifically identify a cause of action under either federal or state law. For purposes of the Court's analysis, it construes the Ludwigs' complaint as alleging the following claims for relief: First, the Court construes the complaint as

**MEMORANDUM DECISION AND ORDER - 4**

alleging three claims under § 1983 for (1) illegal entry in violation of the Fourth Amendment against Chief Holdahl, (2) excessive force in violation of the Fourth and Eighth Amendments against Chief Holdahl, and (3) a *Monell* claim[3] (including negligent hiring, training, and supervision) against the City of Pinehurst. Second, the Court construes the remaining claims for assault, burglary, and outrageous conduct as sounding in state law. Third, the Court notes all claims are asserted on behalf of both Denise and Blayne.

Defendants' partial summary judgment motion seeks summary judgment on the Ludwigs' Eighth Amendment claim for excessive force, the *Monell* claim, the Ludwigs' state law claims, and any other claims brought on behalf of Blayne. Defendants have *not* moved for summary judgment on Denise's § 1983 claims for excessive force and illegal entry under the Fourth Amendment.

In response to Defendants' summary judgment motion, the Ludwigs have submitted a memorandum in opposition but have failed to provide any support for their factual assertions. At summary judgment, a party seeking to show a fact is genuinely disputed must cite to particular materials in the record to support their assertion or show the materials in the record do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1). Additionally, a party opposing summary judgment must submit a separate statement of material facts which they contend are disputed. *See* Dist. Idaho Loc. Civ. R. 7.1(c)(2). "[I]f a party fails to properly support an assertion of fact . . . the Court may consider the uncontested material facts as undisputed . . . and the Court may grant summary judgment if the motion and supporting materials . . . show that the moving party is entitled to the granting of the motion." Dist. Idaho Loc. Civ. R. 7.1(e); *see also* Fed. R. Civ. P. 56(e)(3).

---

[3] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

**MEMORANDUM DECISION AND ORDER - 5**

Here, the Ludwigs have failed to support their factual assertions or to provide any evidence opposing summary judgment. Although their response brief contains a section entitled "Statement of Disputed Facts," it is not a separate statement and does cite to materials in the record. Thus, the Ludwigs have failed to properly support the facts they rely on to oppose summary judgment. Accordingly, in determining whether summary judgment is appropriate, the Court will only consider the materials Defendants provided. Viewing the evidence in the light most favorable to the Ludwigs, the Court concludes Defendants are entitled to summary judgment on all claims identified in their motion.

### 1. Eighth Amendment Claims

The Ludwigs' complaint alleges Chief Holdahl violated the Eighth Amendment by "assault[ing]" Denise and by illegally entering the Ludwigs' home. (Dkt. 6, ¶¶ 5.26, 5.28). These allegations fail to state a claim for relief. The Eighth Amendment protects individuals from excessive bail, excessive fines, and the imposition of cruel and unusual punishment by the government. *See* U.S. Const. amend. VIII. The Eighth Amendment does not protect against government intrusions into an individual's residence, and its protection against excessive force generally only applies to prisoners or convicted criminals. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Whitley v. Albers*, 475 U.S. 312, 318 (1986). Thus, to the extent the Ludwigs allege Chief Holdahl illegally entered their residence or used excessive force, they do not state a claim for relief under the Eighth Amendment. Consequently, the Court grants summary judgment in favor of Defendants on the Ludwigs' Eighth Amendment claims.

### 2. *Monell* Claims

Next, the complaint pleads two causes of action which appear to implicate municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). First, the complaint explicitly pleads a *Monell* claim, alleging the City has deficient training policies regarding the use of force.

**MEMORANDUM DECISION AND ORDER - 6**

(Dkt. 6, ¶¶ 11.24-11.28). Second, the complaint alleges a cause of action for negligent hiring, training, and supervision regarding the City's employment of Chief Holdahl.[4] (*Id.*, ¶ 10.24-10.34). Under *Monell*, a municipality or other local government may be liable under § 1983 only if the governmental body itself violates a person's rights. *See Monell*, 436 U.S. at 692. Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted). Rather, a plaintiff who seeks to impose liability on a local government under § 1983 must prove that an action under an official municipal policy caused his injury. *Connick*, 563 U.S. at 60.

A *Monell* claim against a municipality may be stated under three theories of liability: (1) when an official policy or established custom inflicts a constitutional injury; (2) when acts or omissions amount to a policy of deliberate indifference to a constitutional right; or (3) when an official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc).

Here, the Ludwigs have failed to provide any facts establishing municipal liability. The Ludwigs have not identified any specific policy that allegedly caused a constitutional injury in this case, and no evidence shows the City negligently trained or supervised Chief Holdahl. In fact, the only evidence in the record supports the opposite conclusion. (Dkt. 24-2, ¶¶ 2-5). The Court, therefore, grants Defendants' summary judgment motion as to the Ludwigs' claims under *Monell* and for negligent hiring, training, and supervision.

---

[4]     The complaint does not indicate whether its claim for negligent hiring, training, and supervision is based on federal or state law. The Court construes it as a federal claim under § 1983. But even if it were a state law claim, it would still fail because the Ludwigs have provided no evidence to prove the City was negligent in hiring, training, or supervising Chief Holdahl.

**MEMORANDUM DECISION AND ORDER - 7**

### 3. State-Law Claims

The Ludwigs' state-law claims also fail. First, Idaho Code § 6-904(3) shields Chief Holdahl from liability for the Ludwigs' claim of assault. Under the Idaho Tort Claims Act, government employees are immune from claims arising from an assault if the employee is "acting within the course and scope of their employment and without malice or criminal intent." I.C. § 6-904(3). For purposes of the ITCA, "malice 'involves the intentional commission of a wrongful or unlawful act without legal justification or excuse, whether or not the injury was intended'" and "'criminal intent' as used in the [ITCA] means the intentional commission of what the person knows to be a crime." *James v. City of Boise*, 376 P.3d 33, 51 (Idaho 2016) (quoting *Anderson v. City of Pocatello*, 731 P.2d 171, 183 (Idaho 1986)).

Here, it is undisputed Chief Holdahl was acting within the course and scope of her employment, and no evidence in the record supports that she intended to act wrongfully or knew her conduct constituted a crime. Although the Ludwigs argue "the facts in the Complaint" demonstrate otherwise (Dkt. 25, at 8), the Ludwigs were required to go beyond their pleadings to survive summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Because the Ludwigs have failed to do so here, § 6-904(3) precludes their claim for assault.

The Ludwigs' claims for burglary and outrageous conduct also fail because they do not state legally cognizable claims for relief. First, the burglary claim is premised on §§ 18-1401 and 19-202A. Neither of these statutes, however, provides a private right of action for burglary in a civil lawsuit. Section 18-1401 is a criminal statute prohibiting burglary, and § 19-202A is a self-defense statute. Neither applies here. Second, regarding the "outrageous conduct" claim, the Court has not located any legal authority—and the Ludwigs have not provided any—to support that such a claim exists under Idaho (or federal) law. Accordingly, the Court grants summary judgment in favor of Defendants on the Ludwigs' state law claims.

**MEMORANDUM DECISION AND ORDER - 8**

### 4. Blayne Ludwig's Remaining Claims

Lastly, Defendants seek summary judgment on Blayne's remaining § 1983 claims, which include his claims for excessive force and illegal entry in violation of the Fourth Amendment. The Court concludes summary judgment is appropriate on both claims.

Regarding Blayne's excessive force claim, there is no evidence Chief Holdahl used *any* force, let alone excessive force, against Blayne. To prevail on an excessive force claim, a plaintiff must show the force used by law enforcement was objectively unreasonable. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). But, "[w]here the record reveals that no force was applied to the plaintiff at all, courts routinely reject claims of excessive force." *Edwards v. Mora*, No. 20-cv-05138-EMC, 2022 WL 3925338, at *6 (N.D. Cal. Aug. 30, 2022) (citing *Gipe v. Dempsey*, 451 F.2d 1309, 1310-11 (9th Cir. 1971)). Here, because it is undisputed Chief Holdahl did not use force against Blayne, his excessive force claim fails.

Blayne's illegal entry claim also fails because of qualified immunity. Under the doctrine of qualified immunity, government officials are shielded from liability unless a plaintiff proves "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). When an officer pleads qualified immunity, the plaintiff bears the burden of proving both prongs are satisfied to show the officer is not entitled to immunity. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017).

To be a clearly established right, "a legal principle must have a sufficiently clear foundation in then-existing precedent." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The rule must be settled law, meaning either controlling authority or a robust consensus of persuasive authority dictate the rule. *Id.* That "then-existing precedent" suggests the rule is not enough. *Id.* Rather,

**MEMORANDUM DECISION AND ORDER - 9**

"[t]he precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.*

Additionally, "'[t]he clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him." *Id.* "The rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (quotation omitted). This standard requires a high degree of specificity. *Id.* "Such specificity is especially important in the Fourth Amendment context, where the [Supreme] Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quotation and brackets omitted). Although a plaintiff does not have to produce "a case directly on point," the "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741; *see also Sharp v. Cnty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) ("Plaintiffs must point to prior case law that articulates a constitutional rule specific enough to alert *these* deputies *in this case* that *their particular conduct* was unlawful. To achieve that kind of notice, the prior precedent must be 'controlling'—from the Ninth Circuit or Supreme Court—or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction.").

Even assuming without deciding that Chief Holdahl illegally entered Blayne's residence when she stuck her foot in the doorframe during her interaction with Denise, Blayne has failed to meet his burden of proving Officer Holdahl violated a clearly established right. Indeed, Blayne has not attempted to define the violated right at issue with any specificity. Nor has he presented analogous case law from the time of the incident that would have put Chief Holdahl on notice regarding the alleged unlawfulness of her conduct. These omissions are fatal to Blayne's illegal

**MEMORANDUM DECISION AND ORDER - 10**

entry claim. Accordingly, the Court grants summary judgment in favor of Defendants on both Blayne's excessive force and illegal entry claims.

To summarize, the Court grants summary judgment in favor of Defendants on the Ludwigs' Eighth Amendment claims, *Monell* claim, state-law claims, and Blayne's remaining § 1983 claims. The only claims going forward are Denise's § 1983 claims for excessive force and illegal entry under the Fourth Amendment.

### B. Attorney Fees

Finally, Defendants argue they are entitled to costs and attorney fees under Idaho Code §§ 12-117(1) and (2). Section 12-117 provides that in any proceeding between a state agency or political subdivision and a person, the court shall award reasonable attorney fees and other costs to the prevailing party if the non-prevailing party acted without a reasonable basis in fact or law. Defendants argue they are entitled to an award of attorney fees because, in their view, Blayne had no basis in fact or law to bring his claims.

The Court will deny without prejudice Defendants' attorney fees motion because it is premature. In federal court, an award of attorney fees is governed by Rule 54(d)(2) of the Federal Rules of Civil Procedure. Under that rule, a motion for attorney fees must, among other things, "*specify the judgment* and statute . . . entitling the movant to an award." Fed. R. Civ. P. 54(d)(2)(B)(ii) (emphasis added). Here, the motion does not specify any judgment entitling Defendants to an award of attorney fees because there has not yet been a judgment in this case. Indeed, under Rule 54(b), the Court's decision is, at most, an interlocutory order because it adjudicates less than all the claims at issue in this case. For this reason, Defendants' attorney fees motion is premature, and the Court denies it without prejudice. Defendants may move for attorney fees again once a judgment in their favor issues.

## IV. ORDER

**IT IS ORDERED that:**

1. Defendants' Motion for Partial Summary Judgment and for Attorney Fees (Dkt. 24) is **GRANTED in part** and **DENIED in part**. The Ludwigs' Eighth Amendment claims, *Monell* claim, state-law claims, and all claims brought by Blayne Ludwig are **DISMISSED WITH PREJUDICE**. Defendants' motion for attorney fees is **DENIED WITHOUT PREJUDICE**.

2. A trial scheduling conference is set for **September 26, 2024, at 2 p.m.** At least ten days before that conference, counsel shall provide the law clerk assigned to this case with their unavailable dates for trial. Plaintiff's counsel shall initiate the call, with opposing counsel on the line, to 208-334-9941.

DATED: September 09, 2024

Amanda K. Brailsford
U.S. District Court Judge